IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORDAREAU NICARIO JACKSON, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. CIV 22-333-RAW-JAR |
| CITY OF WAGONER, et al., ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff is a pro se pretrial detainee who is incarcerated at the Wagoner County Detention Center in Wagoner, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations (Dkt. 1). The defendants are the City of Wagoner, Oklahoma; Lauren Blake, Public Defender; Ryan Russle, Wagoner County Detention Center Jail Administrator; and Jenna Prock, Administrator.

Plaintiff alleges he has not had a visit from his attorney or been in court for 18 months. He asks for dismissal of the charge of assault and battery with a deadly weapon, release from custody, and compensatory and punitive damages. (Dkt. 1 at 5).

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff's complaint must be broadly construed under this standard.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

**Plaintiff's Allegations**

Plaintiff alleges that on June 14, 2021, he was extradited from California to Wagoner County. He asserts he was arraigned on June 17, 2021, and charged with one count of assault and battery with a dangerous weapon.[1] He also was advised of his right to a speedy trial, and Lauren Blake was assigned to represent him. Plaintiff claims that since then, he has submitted numerous requests to talk to his attorney to no avail. In addition, no motions have been filed, and no hearings have been conducted. (Dkt. 1 at 10).

**Discussion**

Petitioner is seeking, among other things, dismissal of the pending charges against him and release from custody. This relief, however, cannot be granted in a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Instead, this form of relief must be requested in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

---

[1] According to the Oklahoma State Court Network at www.oscn.net, Plaintiff was charged in Wagoner County District Court Case No. CF-2021-130. The Court takes judicial notice of the public records of the Oklahoma State Courts Network. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

To the extent Plaintiff is complaining that his right to a speedy trial has been violated, this claim also must be presented in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, after exhaustion of state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "[A]n attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted." *Capps v. Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993) (citations omitted).

Plaintiff's request for monetary damages in this case also must fail. He first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

**ACCORDINGLY,** Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) is DISMISSED WITHOUT PREJUDICE. The Court Clerk is directed to send Plaintiff a copy of the form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED** this 1st day of December, 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA